UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY WAYNE CARUTHERS,                     Case No. 1:07-CV-1105

    Petitioner,                                     Hon. Richard Alan Enslen

v.

MARY BERGHUIS,
                                              **FINAL ORDER**
    Respondent.
                                    /

       This matter is before the Court on Petitioner Randy Wayne Caruthers' Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of January 10, 2008, which recommended that this Court summarily dismiss his Petition for Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Court reviews the Objection, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).

       Petitioner objects to the Report's conclusion that the trial court did not violate *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner argues "that when the trial judge found facts that was [sic] not admitted to or found by a jury was a violated [sic] of his Sixth Amendment right under *Blakely*." (Obj. 1–2.) Although Petitioner does not elaborate on which "facts" were improperly found by the trial judge, it appears Petitioner objects to his sentence as being outside the maximum set by statute. As the Report correctly concluded, Petitioner's sentence was well within the maximum prescribed by statute so *Blakely* has not been violated. *See Gray v. Bell*, No. 1:06-CV-611, 2007 WL 172519, at *1, *3 (W.D. Mich. Jan. 19, 2007); *People v. Drohan*, 715 N.W.2d 778, 789–91 (Mich. 2006).

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000), and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Upon review, the Court finds that reasonable jurists would not find Petitioner's positions debatable with respect to the substantive grounds for denying relief as to the claims asserted. Accordingly, a certificate of appealability will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Randy Wayne Caruthers' Objection to the Report and Recommendation (Dkt. No. 5) is **DENIED**, the Report and Recommendation (Dkt. No. 4) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    February 4, 2008 |  /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |